F I L E D
United States Court of Appeals
Tenth Circuit

DEC 16 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS HERNANDEZ-LOPEZ, aka
Jesus Lopez,

      Defendant-Appellant.

No. 98-4037
(D.C. No. 97-CR-430-K)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

      Jesus Hernandez-Lopez was charged with one count of illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. The

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Government filed a notice of its intent to seek a sentence enhancement under 8 U.S.C. § 1326(b)(2) on the basis of Mr. Hernandez' prior convictions. Mr. Hernandez subsequently pled guilty and was sentenced to seventy-seven months imprisonment followed by thirty-six months of supervised release. Mr. Hernandez appeals and we affirm.

Mr. Hernandez requested his counsel to appeal only his sentence. Counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that in her opinion no meritorious issues could be raised on appeal and asking leave to withdraw as counsel.[1] Mr. Hernandez filed a pro se response challenging the length of his sentence. The only issue on appeal is whether the trial court erred in sentencing Mr. Hernandez to seventy-seven months in prison.

The sentencing guideline applicable to the offense of conviction here is U.S.S.G. § 2L1.2. It provides for a base offense level of eight, *id.* § 2L1.2(a), and further provides for a sixteen-level enhancement if the defendant's previous deportation was after an aggravated felony conviction, *id.* § 2L1.2(b)(1)(A). The

---

[1] *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, she should so advise the court and request permission to withdraw. Counsel must in addition submit a brief referring to anything in the record arguably supportive of the appeal both to the court and to her client. The client may then raise any points he chooses, and the appellate court thereafter undertakes a complete examination of all the proceedings and decides whether the appeal is wholly frivolous. If it so finds, it may grant counsel's request to withdraw. 386 U.S. at 744. Counsel here carefully fulfilled her obligations under *Anders*.

Commentary to the guideline defines aggravated felony by reference to 8 U.S.C. §

1101(a)(43), *see* U.S.S.G. § 2L1.2, comment. (n.1), which in turn defines

aggravated felony as, inter alia "a theft offense (including receipt of stolen

property) or burglary offense for which the term of imprisonment [is] at least one

year," 8 U.S.C. § 1101(a)(43)(G).

The Government relied on two prior state court convictions in seeking the

above enhancement, a grand theft conviction in 1989 for which Mr. Hernandez

received a sixteen month sentence, and a vehicle burglary conviction in 1990 for

which he received a two-year sentence. Mr. Hernandez was represented by

counsel in both prosecutions. He was deported in 1996, subsequent to these two

convictions, as required for the application of both section 1326(b)(2) and

U.S.S.G. § 2L1.2(b)(1).[2] The sentencing court adopted the presentence report,

which calculated Mr. Hernandez' base offense level as eight, increased sixteen

levels on the basis of his prior aggravated felony convictions, and reduced three

levels for his acceptance of responsibility, for a total offense level of twenty-one.

After careful examination of the proceedings and the applicable authorities, we

see no error in the court's determination.

---

[2] We note that Mr. Hernandez did not object to the presentence report, which recommended the sixteen level enhancement, and that he stipulated during his guilty plea proceedings to the fact that his criminal history included the two aggravated felony convictions upon which the Government relied in seeking the enhancement.

Mr. Hernandez had an extensive history of criminal convictions, which resulted in a subtotal of twenty-seven criminal history points. He was given a two-point upward adjustment under U.S.S.G. § 4A1.1(d) for committing the instant offense while on parole, and one additional point under section 4A1.1(e) for committing the instant offense less than two years after his release from confinement. His total criminal history score was therefore thirty, which placed him in criminal history category VI. Our review reveals no error in the calculation of Mr. Hernandez' criminal history category.

Under the sentencing table, an offense level of twenty-one and a criminal history category of VI provide for a sentencing range of seventy-seven to ninety-six months. Mr. Hernandez was sentenced to seventy-seven months, the lowest possible sentence he could receive in that range, and below the twenty-year maximum provided by section 1326(b)(2). We see no error in the sentence imposed.

A defendant may only appeal a sentence if it was imposed in violation of law or as a result of an incorrect application of the guidelines, or is greater than that provided by the applicable guideline range, or was imposed for an offense that has no guideline range and is plainly unreasonable. *See* 18 U.S.C. § 3742(a). None of these circumstances apply here and the sentence is therefore not appealable.

In his pro se response, Mr. Hernandez argues only that his sentence is too long for a crime that has no victims, and that the length of his sentence will impose a hardship on his family. We have no jurisdiction to review a sentencing court's determination not to depart downward. *See United States v. Castillo*, 140 F.3d 874, 887-88 (10th Cir. 1998).

After careful review, we conclude that the material before us establishes no ground for appeal. Counsel's motion to withdraw is granted, and the judgment and sentence of the district court are **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge