For the foregoing reasons, Butler's convictions and sentence are

*AFFIRMED.*

**Matthew Boampong WIREKO, Petitioner,**

v.

**Janet RENO; Doris Meissner, Commissioner of the Immigration & Naturalization Service; William J. Carroll, District Director, Immigration & Naturalization Service, Respondents.**

### No. 99–1109

United States Court of Appeals,
Fourth Circuit.

Argued March 1, 2000

Decided May 4, 2000

834

**ARGUED:** Robert Scott Oswald, Noto & Oswald, P.C., Washington, D.C., for Petitioner. Earle Bronson Wilson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents. **ON BRIEF:** David W. Ogden, Acting Assistant Attorney General, David M. McConnell, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Dismissed by published opinion. Judge LUTTIG wrote the opinion, in which Judge WILLIAMS and Judge DIANA GRIBBON MOTZ joined.

## OPINION

LUTTIG, Circuit Judge:

Matthew Wireko petitioned for a writ of habeas corpus in the district court challenging the Attorney General's final removal order that required him to be deported from the United States because he was convicted of an "aggravated felony." The district court transferred Wireko's petition to this court, holding that it had no jurisdiction to review such a removal order. Because we conclude that we also are without jurisdiction to review Wireko's removal order, we dismiss Wireko's habeas corpus petition.

### I.

Wireko entered the United States on July 26, 1997, as a nonimmigrant business visitor from Ghana. On May 22, 1998, he was convicted in the Circuit Court of Alexandria of the misdemeanor offense of sexual battery in violation of section 18.2–67.4 of the Code of Virginia. Wireko was sentenced to twelve months of confinement with imposition of the sentence suspended, and he was placed on probation for twelve months.

On October 13, 1998, Wireko was served with a "Notice of Intent to Issue Final Administrative Removal Order," which explained his rights to contest the removal order. He did not submit any documents rebutting the charges. And, on October 18, 1998, the Attorney General issued a final administrative removal order for Wireko's deportation from the United States on the grounds that he was an alien who had been convicted of an aggravated felony and thus was deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). He was then taken into INS custody, where he remains.

Wireko thereafter petitioned for a writ of habeas corpus in the Eastern District of

Virginia. He also filed an emergency motion to stay the order of removal, which the district court denied. The district court held that it lacked jurisdiction over Wireko's habeas petition and transferred the case to this court under 28 U.S.C. § 1631, which permits such a transfer in order to cure for want of jurisdiction.

## II.

■ We always have jurisdiction to determine whether the facts relevant to our jurisdiction exist. *See, e.g., Hall v. INS,* 167 F.3d 852 (4th Cir.1999). Like the district court, however, ultimately we lack jurisdiction over Wireko's habeas corpus petition if he is an alien who is deportable by reason of having committed an "aggravated felony" within the meaning of the Immigration and Nationality Act because, by statute,

> [n]otwithstanding any other provision of law, *no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section* 1182(a)(2) *or 1227(a)(2)(A)(iii),* (B), (C), or (D) of this title....

8 U.S.C. § 1252(a)(2)(C) (emphasis added). And section 1227(a)(2)(A)(iii) provides that, "[a]ny alien who is convicted of an *aggravated felony* at any time after admission is deportable." (emphasis added).

■ In an attempt to overcome the jurisdictional bar to our review of his order of deportation on its merits, Wireko argues that, because he was convicted only of a "misdemeanor" in Virginia, that offense cannot possibly be considered an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii).[1] Although it is true, as Wireko observes, that section

1227(a)(2)(A)(iii) establishes deportability only of one who has been convicted of an aggravated felony, the term "aggravated felony" is elsewhere statutorily defined. Title 8, United States Code, § 1101(a)(43)(F) defines "aggravated felony" as "a crime of violence ... for which the term of imprisonment [is] at least one year...."[2] Under the plain language of this definition, there is no requirement that the offense actually have been a felony, as that term is conventionally understood. Rather, the offense need only have been one of violence for which the term of imprisonment is one year or more. Accordingly, because the Virginia offense of which Wireko was convicted, although a misdemeanor, was a crime of violence for which the term of imprisonment was at least one year, he was deportable under section 1227(a)(2)(A)(iii) for having committed an aggravated felony. *Cf. United States v. Graham,* 169 F.3d 787 (3rd Cir.), *cert. denied,* — U.S. ——, 120 S.Ct. 116, 145 L.Ed.2d 99 (1999) (holding that an alien convicted of the misdemeanor of petit larceny was deportable as an aggravated felon, where "aggravated felony" was defined as "a theft offense ... for which the term of imprisonment [is] at least one year"); *accord Jaafar v. INS,* 77 F.Supp.2d 360, 364–65 (W.D.N.Y.1999).

Wireko relies upon *United States v. Restrepo–Aguilar,* 74 F.3d 361, 364 (1st Cir.1996), and *United States v. Haggerty,* 85 F.3d 403, 406 (8th Cir.1996), in support of his contrary interpretation of section 1227(a)(2)(A)(iii). The statutory language at issue in those cases, however, was significantly different in material respects from the language we interpret. In both *Restrepo–Aguilar* and *Haggerty,* the petitioner had been convicted of the aggravated felony of "illicit trafficking in a con-

---

1. Wireko does not raise any constitutional claim regarding the lack of judicial review. He also does not argue that sexual battery is not a crime of violence.

2. The statute is missing its operative verb. "Is" or "was" would appear to be the most logical candidates. *Cf. United States v. Graham,* 169 F.3d 787, 790–92 (3rd Cir.), *cert. denied,* — U.S. ——, 120 S.Ct. 116, 145 L.Ed.2d 99 (1999) (discussing the same verb omission in a parallel "aggravated felony" provision).

trolled substance … including a drug trafficking crime (*as defined in section 924(c) of Title 18* )," 8 U.S.C. § 1101(a)(43) (emphasis added). And section 924(c)(2) in turn defined a drug trafficking crime as including "any *felony* punishable under the Controlled Substances Act" (emphasis added). Therefore, neither court had occasion to address the question whether a misdemeanor may constitute an "aggravated felony" if the misdemeanor offense satisfies the statutory definition of "aggravated felony."

Because Wireko committed an aggravated felony under section 1227(a)(2)(A)(iii), as that term is defined in section 1101(a)(43)(F), and he was ordered removed for the commission of this aggravated felony, we are, pursuant to section 1252(a)(2)(C), without jurisdiction to review his order of deportation. Wireko's petition for a writ of habeas corpus is therefore dismissed.

*DISMISSED*