**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rogelio SAENZ–MENDOZA, Defendant–Appellant.**

**No. 01–2083.**

United States Court of Appeals, Tenth Circuit.

April 26, 2002.

---

Benjamin A. Gonzales, Assistant Federal Public Defender (John V. Butcher, Assistant Federal Public Defender, on the briefs), Albuquerque, NM, for Defendant–Appellant.

Gregory B. Wormuth, Assistant United States Attorney (Norman C. Bay, United States Attorney, with him on the brief), Las Cruces, NM, for Plaintiff–Appellee.

Before SEYMOUR, BALDOCK, and BRISCOE, Circuit Judges.

BALDOCK, Circuit Judge.

A grand jury charged Defendant with reentering the United States as a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1) and (2), and § 1326(b). The aggravated felony alleged in the indictment was Defendant's conviction in Utah state court of Child Abuse—Cruelty Toward Child, a Class A misdemeanor. Pursuant to a plea agreement, Defendant pled guilty to the indictment. In the plea agreement, the parties stipulated that if the district court determined the state child abuse conviction was an "aggravated felony," the offense level would be seventeen. The parties further stipulated that if the district court determined the conviction was not an aggravated felony, the offense level would be eight.

The district court decided the state conviction, although a misdemeanor under state law, qualified as an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(F). Based on the plea agreement, the district court assigned an offense level of seventeen, and sentenced Defendant to thirty months imprisonment. Defendant appeals, claiming the district court erred in determining his state child abuse conviction was an aggravated felony because the offense was only a misdemean-

or under state law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

The applicable sentencing guideline for a conviction under 8 U.S.C. § 1326 is U.S.S.G. § 2L1.2, "Unlawfully Entering or Remaining in the United States." At the time the district court sentenced Defendant, § 2L1.2 provided for a base offense level of eight, but provided for a sixteen level enhancement if the defendant previously was deported after being convicted of an aggravated felony.[2] § 2L1.2(a) & (b)(1)(A) (2000). The commentary to § 2L1.2 explained that the term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43). See § 2L1.2 cmt. n. 1. Title 8 U.S.C. § 1101(a)(43)(F) defines "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for

which the term of imprisonment [is][3] at least one year."

■ Defendant concedes his child abuse conviction qualifies as a crime of violence under Title 18 U.S.C. 16.[4] Defendant argues, however, that because he was convicted of a *misdemeanor*, that offense cannot, by definition, be transformed into an aggravated *felony*, under § 2L1.2 for federal sentencing purposes. The other circuits that have addressed this issue have rejected Defendant's argument. *See United States v. Urias–Escobar*, 281 F.3d 165, 167–68 (5th Cir.2002); *United States v. Gonzales–Vela*, 276 F.3d 763, 766–68 (6th Cir.2001); *Guerrero–Perez v. Immigration & Naturalization Serv.*, 242 F.3d 727, 730–37 (7th Cir.), *reh'g denied*, 256 F.3d 546 (2001); *United States v. Christopher*, 239 F.3d 1191, 1193–94 (11th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 178, 151

---

1. The Government argues Defendant failed to preserve this issue for appeal. Even if we agreed with the Government, we would invoke our discretionary power to proceed to the merits, and review de novo the district court's resolution of this matter because it is purely a question of law central to the merits, the factual record and legal arguments are fully developed, and the issue is important to the public interest. *See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefit Plan*, 11 F.3d 1567, 1571–72 (10th Cir.1993) (appellate courts have discretion to hear matters not raised or argued below where the public interest is implicated or manifest injustice would result); *see also Rosette Inc. v. United States*, 277 F.3d 1222, 1226 (10th Cir.2002) (the district court's construction of a statute is a question of law we review de novo).

2. The Sentencing Commission amended § 2L1.2 in response to concerns raised by members of the criminal justice system that the sixteen level enhancement resulted in disproportionate sentences. U.S.S.G. Supp. app. C (amendment 632) (effective Nov. 1, 2001). Because the aggravated felony enhancement applies to a broad range of offenses, a defendant previously convicted of

murder received the same sixteen level enhancement as a defendant previously convicted of simple assault. *Id.* Section 2L1.2 now provides for graduated enhancements based on the nature of the prior offense.

3. Congress mistakenly omitted the word "is" from the definition of aggravated felony. *See United States v. Mendoza–Corrales*, 166 F.3d 1222, 1998 WL 911696, at *1 (10th Cir.1998) (unpublished) (inserting "was" in § 1101(a)(43)(F)); *see also United States v. Enrique Garcia–Armenta*, 33 Fed.Appx. 373, 374 n. 2 (10th Cir.2002) (unpublished) (including "is" in similar omission in § 1101(a)(43)(G)); *United States v. Hernandez–Lopez*, 166 F.3d 349, 1998 WL 874860, at *1 (10th Cir.1998) (unpublished) (same).

4. Pursuant to 18 U.S.C. § 16, "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

L.Ed.2d 123 (2001); *United States v. Pacheco,* 225 F.3d 148, 153–55 (2d Cir.2000), *cert. denied,* 533 U.S. 904, 121 S.Ct. 2246, 150 L.Ed.2d 234 (2001); *Wireko v. Reno,* 211 F.3d 833, 835–36 (4th Cir.2000); *United States v. Graham,* 169 F.3d 787, 791–93 (3rd Cir.1999).[5] We agree with our sister circuits that an offense need not be classified as a felony to qualify as an "aggravated felony" as that term is statutorily defined in § 1101(a)(43).

We begin with the plain language of the statute. *New Mexico Cattle Growers Ass'n v. United States Fish & Wildlife Serv.,* 248 F.3d 1277, 1281 (10th Cir.2001). By placing the words "aggravated felony" in quotation marks followed by the word "means," Congress intended § 1101(a)(43) to act as a definition section. *See* 8 U.S.C. § 1101 (entitled "Definitions"); *Guerrero–Perez,* 242 F.3d at 736 (noting that Congress statutorily defined the term rather than leaving open the question of what constitutes an aggravated felony). The plain language of this definition does not require the offense actually be a felony as that term traditionally has been defined. *See Urias–Escobar,* 281 F.3d at 167; *Wireko,* 211 F.3d at 835. All § 1101(a)(43)(F) requires is a crime of violence for which the term of imprisonment is at least one year. *Wireko,* 211 F.3d at 835. Thus, "we conclude that Congress was defining a term of art, 'aggravated felony,' which in this case includes certain misdemeanants who receive a sentence of one year." *Graham,* 169 F.3d at 792.

Had Congress used the term "aggravated offense," no question would exist about Congress' power to define the term to include misdemeanors. *See Urias–Escobar,* 281 F.3d at 167–68; *Guerrero–Perez,* 242 F.3d at 736; *Pacheco,* 225 F.3d at 155; *Graham,* 169 F.3d at 792. We will not ignore the substantive definition of the term "aggravated felony" based on the label Congress chose. *Graham,* 169 F.3d at 792–93 ("rather than making the underlying offense conform to the label Congress erroneously used to describe section 1101(a)(43) as amended, we give effect to the definition of the underlying offense and ignore the label.").

Section 1101(a)(43)(F)'s definition of "aggravated felony" is unambiguous in its scope.[6] "When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning." *Stenberg v. Carhart,* 530 U.S. 914, 942, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000). Whatever misgivings we may have concerning Congress' choice to use the label "aggravated felony," we cannot rewrite the statute. *United States v. Louisiana Pacific Corp.,* 106 F.3d 345, 349 (10th Cir.1997). Congress is free to amend the statute, either by changing the label or the definition. Any alteration to the definition of "aggravated felony," however, must come from Congress, not the courts. *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 576, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982) ("The remedy for any dissatisfaction with the results in particular cases lies with Congress and not with

---

**5.** The Ninth Circuit also has stated, in dicta, that "an offense classified by state law as a misdemeanor can be an 'aggravated felony' triggering a sentencing enhancement under § 2L1.2 if the offense otherwise conforms to the federal definition of 'aggravated felony' found in 8 U.S.C. § 1101(a)(43)." *United States v. Robles–Rodriguez,* 281 F.3d 900 (9th Cir.2002) (citing *Pacheco* and *Graham* ).

**6.** Because we find § 1101(a)(43)(F) is unambiguous, we need not consider Defendant's rule of lenity argument. *United States v. Gay,* 240 F.3d 1222, 1232 (10th Cir.2001) (noting that the rule of lenity applies only where there is a grievous ambiguity or uncertainty in the language and structure of a provision).

this Court. Congress may amend the statute; we may not.").

AFFIRMED.