**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL AGUILAR-BAUTISTA,
also known as Joel Aguilar,

Defendant - Appellant.

No. 02-4028
D.C. No. 2:01-CR-269-ST
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Joel Aguilar-Bautista pled guilty to illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326. Pursuant to the United States Sentencing Commission, *Guidelines Manual*, (USSG) § 2L1.2(b)(1)(C), Mr. Aguilar-Bautista was subject to an eight-level sentencing enhancement based on a prior conviction for an aggravated felony. He was given credit for acceptance of responsibility and sentenced to thirty-three months of imprisonment followed by a three-year term of supervised release.

Mr. Aguilar-Bautista raises two issues on appeal. He uses several theories to raise the broad argument that his state misdemeanor conviction for attempted aggravated assault cannot be characterized as an aggravated felony for purposes of enhancement under the guidelines. We review questions of law related to the application or interpretation of the sentencing guidelines de novo and the district court's factual findings regarding sentencing for clear error. *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000). He also argues that the district court should have found that his prior conviction for attempted aggravated assault was outside the heartland of other serious aggravated felonies and that a downward departure was warranted.

I.

Mr. Aguilar-Bautista's argument that a state misdemeanor conviction cannot be considered an aggravated felony for purposes of sentencing under

USSG § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43) runs contrary to circuit precedent. "[A]n offense need not be classified as a felony to qualify as an 'aggravated felony' as that term is statutorily defined in § 1101(a)(43)." *United States v. Saenz-Mendoza*, 287 F.3d 1011, 1014 (10th Cir. 2002), *petition for cert. filed* (U.S. July 25, 2002) (No. 02-5568). In looking at the plain language of the statute, the court explained that "[a]ll § 1101(a)(43)(F) requires is a crime of violence for which the term of imprisonment is at least one year." *Id*. Mr. Aguilar-Bautista must show that his state conviction was not properly classified as an aggravated felony or that the term of imprisonment was less than one year.

Mr. Aguilar-Bautista tries to carve out an exception to *Saenz-Mendoza* by arguing that his conviction for attempted aggravated assault cannot be classified as an aggravated felony because USSG § 2L1.2, comment. (n.1.(B)(iv)) states "'Felony' means any federal, state, or local offense punishable by imprisonment for a term *exceeding* one year." (emphasis added). He argues that since his conviction was for 365 days, it did not exceed one year. The definition in the commentary applies to a felony. Mr. Aguilar-Bautista was sentenced under § 2L1.2(b)(1)(C), which applies to a conviction for an aggravated felony. His state conviction was considered an aggravated felony because for purposes of § 2L1.2(b)(1)(C), "aggravated felony" has the meaning given that term in

8 U.S.C. § 1101(a)(43). Section 1101(a)(43)(F) defines aggravated felony as: "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is[1]] at least one year." Therefore, the definition of "felony" in the commentary does not apply.

Mr. Aguilar-Bautista argues alternatively that he should be sentenced under USSG § 2L1.2(b)(1)(E). Section 2L1.2(b)(1) instructs that the sentencing court is to apply the greatest of its five subsections which is applicable. Since § 2L1.2(b)(1)(C) clearly applies, it was the subsection properly used for sentencing.

Mr. Aguilar-Bautista contends that his state conviction is not an aggravated felony because he was sentenced to 365 days in jail and 365 days is not technically a year. The district court correctly found that circuit precedent contradicts this argument. This court has held that for purposes of sentencing when an inmate is incarcerated for a term of years, it makes no difference whether the year is 365 days or 366 days. *Yokley v. Belaski*, 982 F.2d 423, 425 (10th Cir. 1992). Conversely, 365 days is a year for sentencing purposes.

Finally, Mr. Aguilar-Bautista argues that his state conviction should not be considered a felony because he received a suspended sentence and his actual time

---

[1] Congress mistakenly omitted the word "is" from the definition of aggravated felony. *See* 8 U.S.C. § 1101, n.2 (1995).

-4-

served was less than a year. This court has held that a "term of imprisonment" is the sentence actually imposed, not actually served. *United States v. Chavez-Valenzuela*, 170 F.3d 1038, 1039 (10th Cir. 1999). This is in agreement with the statute which provides, "[a]ny reference to a term of imprisonment or sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48). The district court properly characterized Mr. Aguilar-Bautista's "term of imprisonment" as 365 days.

Although Mr. Aguilar-Bautista might have it otherwise, a term of imprisonment is the term ordered by a court, 365 days is still a year, § 2L1.2(b)(1) mandates that the greatest of its subsections must apply, an aggravated felony is a crime of violence for which the term of imprisonment is at least one year, and a state misdemeanor conviction for a crime of violence can be classed as an aggravated felony for sentencing purposes. From any angle, his argument cannot prevail.

## II.

Mr. Aguilar-Bautista's second argument is that the district court erred in denying a downward departure in his sentencing. "[T]he courts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the

sentencing guidelines except in the very rare circumstances that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998).

At the sentencing hearing, the district court stated that this case was not outside of the heartland of cases, and that there were insufficient grounds for granting a downward departure. R., Vol. II, at 24.

Therefore, the judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge