**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RENE HUGO SANCHES-RIVAS, a/k/a
Rene H. Sanchez, a/k/a Hugo
Sanchez, a/k/a Rene Hugo Sanchez,
a/k/a Rene Hugh Sanchez, a/k/a
Hugh Hugo Sanchez,
            *Defendant-Appellant.*

No. 02-4595

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-02-77-A)

Submitted: April 3, 2003

Decided: May 20, 2003

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Dale Warren Dover, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Lani R. Miller, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rene Hugo Sanches-Rivas appeals his sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Sanches-Rivas raises only one issue on appeal, contending that the district court erred in imposing an eight-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 2L1.2(b)(1)(C) (2001). Citing Application Note 1(A)(iv), he argues that his May 1995 state conviction for petty larceny should not have qualified as an aggravated felony because eleven months of his twelve-month sentence were suspended.

We disagree. We find that the application note cited by Sanches-Rivas has no effect on USSG § 2L1.2(b)(1)(C) as it merely defines the term "sentence imposed"—a term that does not appear in subsection (C) of the Guideline.

Moreover, Application Note 2 indicates that "[f]or purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." That section states that the term includes "a theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G) (2000); *see Wireko v. Reno*, 211 F.3d 833, 835 n.2 (4th Cir. 2000) (noting that "is" or "was" are the most logical candidates for the missing verb); *United States v. Banda-Zamora*, 178 F.3d 728, 729-30 (5th Cir. 1999) (holding that the missing verb does not render the statute unconstitutionally vague). The definition of "aggravated felony" is further amplified by 8 U.S.C. § 1101(a)(48)(B), which provides that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."

Accordingly, based on our reading of the relevant statutes, we find that a suspended sentence meets the aggravated felony definition of § 1101(a)(43). *See United States v. Echavarria-Escobar*, 270 F.3d 1265, 1268-70 (9th Cir. 2001) (collecting cases), *cert. denied*, 535 U.S. 1069 (2002).

We therefore uphold the eight-level enhancement pursuant to USSG § 2L1.2(b)(1)(C) and affirm Sanches-Rivas's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*