**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.                                                         No. 04-2224

LUIS HERNANDEZ-GARDUNO,

Defendant-Appellee.

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.                                                         No. 04-2226

MIGUEL JUAN RAMOS-ESPINO,

Defendant-Appellee.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                         No. 04-2348

ANIVAL LEONEL ORTEGA-
ENRIQUEZ,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Terri J. Abernathy, Assistant United States Attorney (David C. Iglesias, United States Attorney with her on the briefs), Las Cruces, New Mexico, for the United States of America.

Marcia J. Milner, Las Cruces, New Mexico, for Defendant-Appellee Hernandez-Garduno and Defendant-Appellant Ortega-Enriquez.

Rosanne Camunez, Las Cruces, New Mexico, for Defendant-Appellee Ramos-Espino.

Before **HENRY**, **LUCERO**, and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

These three criminal appeals present the question whether previous Colorado misdemeanor convictions for third-degree assault constitute crimes of violence under § 2L1.2 of the United States Sentencing Guidelines when the defendants were sentenced to less than one-year imprisonment. The defendants claim that the crime-of-violence enhancement applies only to crimes of violence that are aggravated felonies, thereby limiting the enhancement to prior convictions in which the defendant actually served a prison term of at least one year. One district court judge accepted this argument as to two of the defendants, Luis Hernandez-Garduno and Miguel Juan Ramos-Espino, but another district court judge rejected the argument as to the third defendant, Anival Leonel Ortega-Enriquez. Mr. Ortega-Enriquez now appeals his sentence, claiming that his prior

-2-

conviction was not a crime of violence and that his sentence violates the rule set forth in *United States v. Booker*, 543 U.S. 220 (2005). The government maintains that the sentences the defendants received for their prior assault convictions are irrelevant to determining whether their convictions constituted crimes of violence, but acknowledges that third-degree assault is not always a crime of violence. For the reasons set forth below, we **REMAND** the cases to the district court with directions to vacate each defendant's sentence and resentence.

## I. Background

Although each defendant pleaded guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a)(1) and (a)(2), and had prior Colorado misdemeanor convictions for third-degree assault, we briefly review the facts of each defendant's case separately.

*A.     Mr. Hernandez-Garduno*

On September 17, 2003, Mr. Hernandez-Garduno was convicted of third-degree misdemeanor assault in violation of Colorado law. *See* Colo. Rev. Stat. § 18-3-204. He was sentenced to 24 days' imprisonment and 12 months' unsupervised probation, and removed to Mexico on October 17, 2003. Less than three months later, on December 20, 2003, Mr. Hernandez-Garduno was arrested for illegally reentering the United States. He pleaded guilty on March 3, 2004.

The Presentence Investigation Report ("PSR") calculated Mr. Hernandez-Garduno's total adjusted offense level as 21. Starting with a base offense level of

8, the PSR applied a 16-level increase for a prior crime of violence, and a 3-level reduction for acceptance of responsibility. With a criminal history category of III, the guidelines range was 46 to 57 months.

At his sentencing hearing, the district court concluded that "there is no question but that [the prior conviction] is a crime of violence," but found that the applicability of the enhancement depended on the duration of the actual sentence imposed. Case No. 04-2224, App. Vol. I, at 99. Mr. Hernandez-Garduno did not object to the district court's classification of third-degree assault as a crime of violence. However, because Mr. Hernandez-Garduno received only a 24-day sentence for his prior assault conviction, the district court declined to apply the crime of violence enhancement. It also reduced his base offense level of 8 by two levels for acceptance of responsibility. With an adjusted offense level of 6, and a criminal history category III, the guidelines range was 2-8 months. The court sentenced Mr. Hernandez-Garduno to 8 months' imprisonment, which amounted to time served, and recommended that he be removed from the country.

B.    *Mr. Ramos-Espino*

Mr. Ramos-Espino likewise was convicted of third-degree misdemeanor assault, in violation of Colorado law. *See* Colo. Rev. Stat. § 18-3-204. He received a 90-day jail sentence and one year of supervised probation. Mr. Ramos-Espino was deported from the United States on March 7, 2003, but illegally

reentered the country. He was apprehended on August 5, 2003 and pleaded guilty on December 2, 2004.

The PSR prepared in Mr. Ramos-Espino's case was similar to that prepared in Mr. Hernandez-Garduno's case. Based on the third-degree assault conviction, it applied a 16-level enhancement for a prior crime of violence. After the reduction for acceptance of responsibility, it recommended a total offense level of 21, criminal history category of III, and a sentencing range of 46-57 months. Mr. Ramos-Espino objected to the enhancement, arguing that his 90-day prison sentence did not satisfy the one year incarceration requirement for aggravated felonies. The district court sustained the objection, relying on the definitions section in the commentary of § 2L1.2, and finding that "where it's a state misdemeanor, even though the maximum penalty is 18 months and [the defendant] has received a sentence of 90 days, suspended, that does not meet the definition of felony required by the guidelines." Case No. 04-2226, App. Vol. I, at 90. Accordingly, Mr. Ramos-Espino's guideline range was reduced to 2-8 months, and he received a sentence of time served, which equated to 11 months. Mr. Ramos-Espino was subsequently deported to Mexico.

C. *Mr. Ortega-Enriquez*

Mr. Ortega-Enriquez pleaded guilty to third-degree assault in Colorado on October 20, 2003. He received a four-day jail sentence and two years of unsupervised probation. On October 24, 2003, he was released into the custody

of Immigration and Custom Enforcement and deported on November 11, 2003. Three days later, Mr. Ortega-Enriquez was found in the United States and charged with illegal reentry. He pleaded guilty to that charge on January 27, 2004.

The PSR prepared for Mr. Ortega-Enriquez calculated a base offense level of 8, added 16 levels for a prior crime of violence (the Colorado third-degree assault), and subtracted 3 levels for acceptance of responsibility. The Colorado assault also increased his criminal history from category I to category II. Based on an offense level of 21, and a criminal history category of II, the PSR recommended a guidelines range of 41-51 months.

At sentencing, Mr. Ortega-Enriquez filed a motion for a criminal history departure, claiming that category II overrepresented his criminal history. The district court agreed, and reduced his criminal history to category I, reducing the range to 37-46 months. Although Mr. Ortega-Enriquez conceded that his prior Colorado conviction was a crime of violence, he argued that he did not qualify for the 16-level enhancement because his four-day prison sentence precluded the prior conviction from being considered an aggravated felony. Basing its conclusion in part on the government's decision to appeal the sentences in Mr. Hernandez-Garduno's and Mr. Ramos-Espino's cases, the district court, with "great reluctance," rejected Mr. Ortega-Enriquez's aggravated felony argument. Case No. 04-2348, R. Vol. III, at 6. Although the court noted that classifying the prior assault conviction as a "felony," and thereby enhancing the base offense

level by only four levels, would have produced a "fair sentence" in the range of 8-14 months, the district court concluded that an 8-14 month range was not "the sentence compelled by the language of the sentencing guidelines." Case No. 04-2348, Sent. Tr. at 25-26. The court therefore applied the 37-46 month range, and sentenced Mr. Ortega-Enriquez to 37 months' imprisonment, a sentence the court characterized as "terribly unfair." Case No. 04-2348, R. Vol. III, at 6.

## II. Discussion

The government now challenges the district court's decision not to apply the crime of violence enhancement to Mr. Hernandez-Garduno and Mr. Ramos-Espino. Mr. Ortega-Enriquez contends that the enhancement should not have been applied in his case. The common issue in all three cases is whether the felony crime of violence enhancement applies only to aggravated felonies, meaning convictions resulting in a prison sentence of at least one year. The parties also raise some distinct arguments. For the first time on appeal, Mr. Hernandez-Garduno and Mr. Ramos-Espino contend that their third-degree assault convictions were not crimes of violence. The government maintains that their failure to advance these arguments below precludes our consideration. Mr. Ortega-Enriquez claims that his sentence is inconsistent with the remedial holding of *Booker*. The government agrees, and concedes that this error was not harmless. However, before turning to the substance of the claims presented in these appeals, we must first consider whether the appeals involving Mr.

Hernandez-Garduno and Mr. Ramos-Espino were rendered moot upon their deportation.

*A. Mootness*

Near the end of his response brief, Mr. Ramos-Espino argues that we should "alternative[ly]" dismiss the government's appeal as moot. Appellee Answer Br., Case No. 04-2226, at 16. For a court, mootness is not an alternative argument; we have "an affirmative obligation to consider this [jurisdictional] question *sua sponte*." *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 n.15 (10th Cir. 2004). Mr. Ramos-Espino contends that because he has completed his sentences, has been deported, and cannot be resentenced without reentering this country illegally, the district court is without jurisdiction to resentence him. The same argument appears to apply with equal force to Mr. Hernandez-Garduno because he has also been deported.

Completion of a sentence and deportation does not moot the government's appeal of an improper sentence. *United States v. Alvarez-Pineda*, 258 F.3d 1230, 1235 (10th Cir. 2001). Even after a defendant is deported, the government may continue to allege a remediable injury: here, the trial court's failure to impose a sufficiently lengthy sentence under the sentencing guidelines. *See United States v. Meyers*, 200 F.3d 715, 721 n.3 (10th Cir. 2000). This injury may be remedied only through an appeal. *See id.* Although neither defendant could appear for resentencing without reentering the country illegally, if either defendant returned

-8-

to the United States "by extradition or by re-entering . . . on his own, he would be subject to arrest and imprisonment for the remainder of his sentence." *Alvarez-Pineda*, 258 F.3d at 1235; *see also United States v. Villamonte-Marquez*, 462 U.S. 579, 581 n.2 (1983). The government's appeal is therefore not moot, and we proceed to the merits of the claim.

*B. Felony Crimes of Violence and Aggravated Felonies under § 2L1.2*

The defendants argue that § 2L1.2 defines a "felony" for purposes of the crime of violence enhancement in reference to 8 U.S.C. § 1101. Because 8 U.S.C. § 1101(a)(43)(F) limits aggravated felonies to crimes of violence "for which the term of imprisonment [is] at least one year," the defendants argue that § 2L1.2 of the Sentencing Guidelines also includes such a limitation, notwithstanding an application note that defines "felony" as an offense "*punishable* by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 n.2 (emphasis added). Their interpretation is not supported by the language of the 2003 Sentencing Guidelines, which were used to calculate each defendant's sentence.

Section 2L1.2 provides, in pertinent part:

**§ 2L1.2. <u>Unlawfully Entering or Remaining in the United States</u>**

(a)    Base Offense Level: **8**

(b)    Specific Offense Characteristic

(1)    Apply the Greatest:

> If the defendant previously was deported, or unlawfully remained in the United States, after—
>
> (A) a conviction for a *felony* that is . . . (ii) a crime of violence . . . increase by **16** levels;
>
> \* \* \*
>
> (C) a conviction for an *aggravated felony*, increase by **8** levels;
>
> (D) a conviction for any other *felony*, increase by **4** levels.

U.S.S.G. § 2L1.2 (emphasis added). "Felony" and "aggravated felony" are carefully defined in the application notes, which are authoritative unless they are unconstitutional, violate a federal statute, or are inconsistent with, or a plainly erroneous reading of, the guideline. *See Stinson v. United States*, 508 U.S. 36, 38 (1993). Felony, "[f]or purposes of subsection (b)(1)(A), (B), and (D), . . . means any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 n.2. Specifically "for purposes of subsection (b)(1)(C)," the Guidelines define "aggravated felony" as having "the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43))." *Id.* § 2L1.2 n.3(A).

Reading § 2L1.2 as a whole, then, there can be no question that the Guidelines employ a different definition of "felony" for purposes of subsection (b)(1)(A) than the definition of "aggravated felony" for purposes of subsection (b)(1)(C). The reference to 8 U.S.C. § 1101(a)(43) applies only to subsection

(b)(1)(C). U.S.S.G. § 2L1.2 n.3(A). The enhancement relevant to these cases—for a felony that is a crime of violence, contained in subsection (b)(1)(A)—has its own definition of felony. U.S.S.G. § 2L1.2 n.2. Because the application notes are neither inconsistent with, nor a plainly erroneous reading of, § 2L1.2, we must apply the definition of felony contained within the application notes to define "felony" in subsection (b)(1)(A). *See Stinson*, 508 U.S. at 38.

In arguing that the phrase "felony that is . . . a crime of violence" is defined by reference to 8 U.S.C. § 1101(a)(43)(F), defendants also direct us to this Court's decision in *United States v. Saenz-Mendoza*, 287 F.3d 1011, 1012-13 (10th Cir. 2002) in which we held that a state misdemeanor may constitute an "aggravated felony" under § 2L1.2 as long as it satisfies the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F). In relying on *Saenz-Mendoza*, defendants fail to recognize that *Saenz-Mendoza* interpreted the "aggravated felony" enhancement in § 2L1.2(b)(1)(C), not the "crime of violence" enhancement in § 2L1.2(b)(1)(A)(ii). Because these cases involve only the "crime of violence" enhancement, the interpretation of which is governed by different application notes, *Saenz-Mendoza* is not instructive on this issue.

The definition of "felony" for purposes of § 2L1.2(b)(1)(A)(ii) includes any offense *punishable* by more than one year of imprisonment, irrespective of the actual sentence imposed. *See United States v. Hernandez-Castillo*, 449 F.3d 1127, 1130-31 (10th Cir. 2006) (holding that a defendant who received a

suspended sentence of 157 days in jail was convicted of an offense punishable by more than one-year of incarceration because California law provided for a sentence of up to three years' imprisonment); *cf. United States v. Norris*, 319 F.3d 1278, 1282 (10th Cir. 2003) (interpreting the same phrase under 18 U.S.C. § 922(g)(1) and concluding that "[w]hat matters is not the actual sentence which the appellant received, but the maximum possible sentence").  Because Colorado provides for a term of imprisonment up to 18 months for third-degree assault, Colo. Rev. Stat. §§ 18-3-204, 18-1.3-501, the defendants' convictions were felonies under § 2L1.2(b)(1)(A), even though the convictions may not have qualified as aggravated felonies under 8 U.S.C. § 1101(a)(43)(F).  The district court therefore erred in concluding that Mr. Hernandez-Garduno's and Mr. Ramos-Espino's prior convictions were not felony crimes of violence, but correctly found that Mr. Ortega-Enriquez's prior conviction was a felony crime of violence.

*C.  Colorado Third-Degree Assault as a Crime of Violence*

Aside from contending that their prior assault convictions were not felonies, both Mr. Hernandez-Garduno and Mr. Ramos-Espino argue, for the first time, that their third-degree assault convictions were not crimes of violence under § 2L1.2(b)(1)(A).  Mr. Ortega-Enriquez conceded that his third-degree assault was a crime of violence and does not contest that aspect of the district court's conclusion.  The government contends that Mr. Hernandez-Garduno and Mr.

-12-

Ramos-Espino have waived this claim by failing to raise it in the district court.

However, a new legal theory can be considered on appeal if it "presents an

alternative ground for affirming a lower court ruling on a pure question of law."

*McMorris v. Comm'r of Internal Revenue*, 243 F.3d 1254, 1258 n.6 (10th Cir.

2001); *J.E. Riley Inv. Co. v. Comm'r of Internal Revenue*, 311 U.S. 55, 59 (1940).

We therefore consider Mr. Hernandez-Garduno's and Mr. Ramos-Espino's

alternative argument that their Colorado third-degree assault convictions were not

crimes of violence.

The Guidelines define "crime of violence" for purposes of § 2L1.2(b)(1)(A)

as

> any of the following: murder, manslaughter, kidnapping, aggravated
> assault, forcible sex offenses, statutory rape, sexual abuse of a minor,
> robbery, arson, extortion, extortionate extension of credit, burglary
> of a dwelling, or any offense under federal, state, or local law that
> has as an element the use, attempted use, or threatened use of
> physical force against the person of another.

*Id.* § 2L1.2 n.1(B)(iii).  Relying on *United States v. Perez-Vargas*, 414 F.3d 1282,

1287 (10th Cir. 2005), Mr. Hernandez-Garduno and Mr. Ramos-Espino contend

that their prior convictions, even if felonies, do not qualify as crimes of violence.

In *Perez-Vargas*, we considered whether a Colorado third-degree assault

conviction under Colo. Rev. Stat. § 18-3-204—the same statute of conviction at

issue in this case—qualified as a crime of violence under § 2L1.2(b)(1)(A)(ii) of

the Sentencing Guidelines.  Applying the categorical approach outlined in

-13-

*Shepard v. United States*, 544 U.S. 13 (2005), and *Taylor v. United States*, 495 U.S. 575 (1990), which looks primarily to the statutory definitions of prior offenses, we held that Colorado third-degree assault is not necessarily a crime of violence. *Perez-Vargas*, 414 F.3d at 1287. We explained that third-degree assault under Colorado law includes actions which cause only the impairment of a mental condition. *See* Colo. Rev. Stat. §§ 18-3-204, 18-1-1901(3)(c). As a result, not all third-degree assaults involve the use, attempted use, or threatened use of physical force.

To be sure, *Perez-Vargas* does not hold that a Colorado third-degree assault conviction can *never* be a crime of violence; rather, it clarifies that third-degree assault is not always a crime of violence. If the charging documents, plea agreement, transcript of a plea colloquy, or sentencing court findings of the prior state court conviction demonstrate that the third-degree assault did, in fact, involve the use, attempted use, or threatened use of physical force, then the particular defendant's prior assault conviction qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii). *See Shepard*, 544 U.S. at 26. We must therefore remand these cases to the district court for it to review these documents and determine whether the prior convictions fall within the definition of "crime of violence" under § 2L1.2.

We note, however, that because Colorado third-degree assault is a "felony," under § 2L1.2(b)(1)(A), (B), and (D), both Mr. Hernandez-Garduno and Mr.

Ramos-Espino are eligible for sentencing enhancements under § 2L1.2(b)(1)(D), for having previously been convicted of "any other felony." The Guidelines explicitly instruct district courts to "[a]pply the [g]reatest" enhancement under § 2L1.2(b)(1). Accordingly, if the district court concludes that the prior convictions were crimes of violence, then a 16-level enhancement is appropriate; if the district court determines that there is not sufficient evidence to find that the prior convictions were crimes of violence, then it should apply a 4-level enhancement for a prior felony conviction. Of course, the district court retains discretion to vary from the Guidelines range, as it deems appropriate based on the factors in 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 259.

## D.  Booker *Error*

Mr. Ortega-Enriquez also claims that the district court committed non-constitutional *Booker* error by applying the Guidelines in a mandatory manner. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (explaining that non-constitutional *Booker* error occurs when a district court applies the guidelines in a mandatory, rather than discretionary, fashion). Where, as here, the defendant raises a Sixth Amendment objection at sentencing, we review the error for harmlessness. *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005). The government has conceded that the error in Mr. Ortega-Enriquez's case was not harmless, and we agree. Not only did the district court sentence Mr. Ortega-Enriquez at the bottom of the sentencing range,

which places us "in the zone of speculation and conjecture" as to whether the district court would have applied the same sentence under an advisory guidelines system, *see id.* at 1143, but the district court expressed "great reluctance" in imposing the 37-month sentence, characterizing it as "terribly unfair." Case No. 04-2348, R. Vol. III, at 6.

### III. Conclusion

We therefore remand each case to the district court for resentencing. We reverse the sentences imposed on Mr. Hernandez-Garduno and Mr. Ramos-Espino because their prior convictions were felonies that may have qualified as crimes of violence. On remand, the district court should consider the documents outlined in *Shepard* and determine whether the prior convictions fall within the definition of "crime of violence" contained in § 2L1.2 or whether they are "other felon[ies]." We also reverse Mr. Ortega-Enriquez's sentence and remand for resentencing under an advisory guidelines regime.