# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-50553
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE MANUEL URIAS-ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

January 23, 2002

Before JONES, SMITH, and
     EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jose Urias-Escobar appeals his seventy-month sentence for illegal reentry into the United States. He argues that the district court erred in concluding that his earlier, state conviction for misdemeanor assault was an aggravated felony that warranted an enhanced sentence under U.S.S.G. § 2L1.2 and 8 U.S.C. § 1101(a)(43)(F). Finding no error regarding this issue of first impression, we affirm.

## I.

Urias-Escobar, a native of El Salvador, first entered the United States in 1990. In 1994, he pleaded guilty of assault with bodily injury, a misdemeanor offense under Texas law. The state court sentenced him to one year in jail, suspended the sentence, and placed him on probation for one year. He was deported in 1995 and again in 1998.

In September 2000, after he again was

found in Texas, Urias-Escobar pleaded guilty of illegally reentering the United States after deportation pursuant to 8 U.S.C. § 1326-(b)(2).[1] The presentence report ("PSR") concluded that his state misdemeanor conviction constituted an aggravated felony under U.S.S.G. § 2L1.2 and 8 U.S.C. § 1101(a)-(43)(F) and, accordingly, recommended that his offense level be increased sixteen points. After a three-level downward adjustment for acceptance of responsibility, Urias-Escobar faced a guideline range of seventy to eighty-seven months' imprisonment.

Urias-Escobar objected to the PSR, arguing that his misdemeanor conviction could not, by definition, be an aggravated felony, and thus the sixteen-level enhancement was error. Without that enhancement, his guideline range would have been nine to fifteen months' imprisonment. The court overruled the objection and imposed a seventy-month sentence.

II.

Urias-Escobar challenges the district court's interpretation of §§ 1326(b)(2), 1101-(a)(43)(F), and 2L1.2. These are questions of law that we review *de novo*.[2]

Courts are bound to follow each sentencing guideline, *Mistretta v. United States*, 488 U.S. 361, 391 (1989), and accompanying policy statements, *Williams v. United States*, 503 U.S. 193, 199-201 (1992). The guidelines' commentary is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines. *Stinson v. United States*, 508 U.S. 36, 42-45 (1993).

Section 2L1.2 sets the offense level for violations of § 1326(b). Subsection (a) provides a base offense level of 8, and subsection (b)(1) mandates a sentencing enhancement "[i]f the defendant previously was deported after a criminal conviction":

(A) If the conviction was for an aggravated felony, increase by 16 levels.

(B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

The guidelines commentary explains, "'Aggravated felony,' is defined at 8 U.S.C. § 1101(a)(43) . . . . 'Felony offense' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year." *Id.*, cmt., n.1. Section 1101(a)(43)(F), in turn, defines "aggravated felony" as "a crime of violence . . . for which the term of imprisonment at[2] least one year." 8 U.S.C. § 1101(a)(43)(F).[3] *Id.*

III.

Urias-Escobar argues that because he was convicted of only *misdemeanor* assault, that offense cannot, by definition, be an aggravated

---

[1] Title 8 U.S.C. § 1326(b)(2) states in relevant part that for any alien "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years."

[2] *United States v. Santos-Riviera*, 183 F.3d 367, 369 (5th Cir. 1999) (*de novo* review for statutory construction); *United States v. Velazquez-Overa*, 100 F.3d 418, 420 (5th Cir. 1996) (*de novo* review for interpretation of sentencing guideline).

[3] Footnote two in the statute notes that the word "is" probably should be included.

2

*felony* under § 2L1.2.[4] Although this is an issue of first impression in this circuit, five other circuits have addressed it and agree that under § 2L1.2, a misdemeanor can be an "aggravated felony," even though it is not a felony at all.[5] Finding their reasoning persuasive, we adopt it as well.

Title 8 U.S.C. 1101(a)(43)(F) defines "aggravated felony" as "a crime of violence . . . for which the term of imprisonment [is] at least one year." "Under the plain language of this definition, there is no requirement that the offense actually have been a felony, as that term is conventionally understood." *Wireko*, 211 F.3d at 835. In defining "aggravated felony," Congress was defining a term of art, one that includes all violent crimes punishable by one year's imprisonment, including certain violent misdemeanors. *Graham*, 169 F.3d at 792.

Though Urias-Escobar is correct that federal law traditionally defines a felony as a crime punishable by *over* one year's imprisonment, *see* 18 U.S.C. § 3559(a); U.S.S.G. 2L1.2, cmt. 1, the plain language of this statute says otherwise:

Congress has the power to define the punishment for the crime of reentering the country after deportation . . . . Our decision would be much simpler if Congress had used the term "aggravated offense." However, rather than making the underlying offense conform to the label Congress erroneously used to describe section 1101(a)(43) as amended, we give effect to the definition of the underlying offense and ignore the label.

*Graham*, 169 F.3d at 792-93.

Whatever the wisdom of Congress's decision to alter the historic one-year line between a misdemeanor and a felony, the statute is unambiguous in its sweep.[6] The judgment of sentence, accordingly, is AFFIRMED.

---

[4] Urias does not contest that his conviction was for a "violent" offense as required by statute. He also concedes that although his one-year sentence was suspended, it still fulfills the one-year requirement.

[5] *Guerrero-Perez v. INS*, 242 F.3d 727 (7th Cir. 2001), *aff'd on reh'g*, 256 F.3d 546 (7th Cir. 2001); *United States v. Christopher*, 239 F.3d 1191 (11th Cir.), *cert. denied*, 122 S. Ct. 178 (2001); *United States v. Pacheco*, 225 F.3d 148 (2d Cir. 2000), *cert. denied*, 121 S. Ct. 2246 (2001); *Wireko v. Reno*, 211 F.3d 833 (4th Cir. 2000); *United States v. Graham*, 169 F.3d 787 (3d Cir. 1999).

[6] Finding no ambiguity in the statute, we have no occasion to address Urias-Escobar's rule of lenity argument.