**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-21021
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RAUL GARCIA-LOPEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-134-1
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Raul Garcia-Lopez ("Garcia") appeals from his conviction,

following a bench trial, of being an alien found in the United

States following deportation, pursuant to 8 U.S.C. § 1326(a).

Garcia raises three contentions, which we address in turn.

    Garcia first contends that the evidence was insufficient to

support his conviction because the written stipulations in his

case did not prove that he was discovered by immigration

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officials or that he entered the United States free from official restraint.

To the extent that discovery by immigration officials may be an element of the offense of being found in the United States (an issue we do not decide in Garcia's case), the element was sufficiently proven. *See United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996). The parties stipulated that Garcia "was encountered at the Montgomery County Jail[,]" that a records search revealed no evidence that Garcia had applied for or received the consent of the Attorney General to remain in the United States, and that a fingerprint comparison indicated that Garcia was the individual who had been deported. The stipulation provided substantial evidence from which the district court could have inferred that immigration authorities discovered Garcia's presence while he was in the Montgomery County Jail and knew of the illegality of his presence. *See United States v. Adams*, 174 F.3d 571, 578 (5th Cir. 1999).

A factfinder may infer that an alien intended to be present in the United States if the alien is discovered at a location away from the border. *United States v. Guzman-Ocampo*, 236 F.3d 233, 238 (5th Cir. 2000). Conroe, Texas, where Garcia was encountered in the Montgomery County Jail, is sufficiently far from the border that the district court could infer Garcia's intent to be present in the United States.

Garcia next contends that the district court erred by denying his motion to dismiss his indictment because he was deprived of due process at his 1999 deportation hearing. According to Garcia, his 1998 Texas conviction of injury to a child was erroneously classified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 16, depriving him of eligibility for any relief from deportation. Garcia alleges that the immigration judge failed to advise him of any forms of discretionary relief for which he was eligible to apply, depriving him of due process. Garcia concedes that his argument is foreclosed by *United States v. Lopez-Ortiz*, 313 F.3d 225 (5th Cir.), *cert. denied*, 123 S. Ct. 922 (2003), but he raises the issue to preserve it for further review.

Garcia is correct; his contention is precluded. Pursuant to *Lopez-Ortiz*, an immigration judge's error in not informing an alien of eligibility for forms of discretionary relief does not violate the alien's right to due process. *Lopez-Ortiz*, 313 F.3d at 230-31.

Garcia finally contends that his Texas conviction of causing injury to a child was neither a "crime of violence" nor an "aggravated felony." He argues that the application of the 2001 Sentencing Guidelines to his case violated the Ex Post Facto Clause, if application of those guidelines would result in a higher offense level than application of the 2000 guidelines

would.  Garcia is correct.  His sentence is vacated and the case is remanded for resentencing.

The Texas offense of bodily injury to a child is not a "crime of violence" under 18 U.S.C. § 16(a) or 18 U.S.C. § 16(b), and thus is not an "aggravated felony" meriting the 16-level enhancement provided by U.S.S.G. § 2L1.2(b)(1)(A) (2000) or U.S.S.G. § 2L1.2(b)(1)(A) (2001).  *United States v. Gracia-Cantu*, 302 F.3d 308, 311-13 (5th Cir. 2002) (applying 2000 version of sentencing guidelines); *see United States v. Shelton* ___ F.3d ___ (5th Cir. Mar. 18, 2003), 2003 WL 1227611, *6; *see also* U.S.S.G. § 2L1.2, comment. n.1(B)(ii)(I).  Moreover, because the offense is not a "crime of violence" under 18 U.S.C. § 16(b), it follows that it also is not an "aggravated felony" meriting an eight-level enhancement under amended guideline U.S.S.G. § 2L1.2(b)(1)(C) (2001), which incorporates the 18 U.S.C. § 16 definitions.  *See Gracia-Cantu*, 302 F.3d at 313; U.S.S.G. § 2L1.2 comment. n.2 (2001); *see also United States v. Urieta-Betancourt*, No. 01-21222 (5th Cir. Feb. 17, 2003)(unpublished; copy attached).

Garcia's conviction of causing injury to a child was not an "aggravated felony" or "crime of violence" warranting a 16-level upward adjustment.  The district court erred by basing the 16-level adjustment on the conviction.

However, the presentence report indicates that Garcia pleaded guilty to two assault charges in Texas state court in

1997 and was sentenced to one year in jail, which was suspended for two years' probation, and which was later revoked. The state statute governing the assault convictions is unclear. The Texas misdemeanor offense of assault with bodily injury is an "aggravated felony" warranting a 16-level adjustment under the pre-2001 guidelines. *United States v. Urias-Escobar*, 281 F.3d 165, 167-68 (5th Cir.), *cert. denied*, 122 S. Ct. 2377 (2002). The district court should consider on remand whether Garcia's assault convictions warranted a 16-level adjustment as "aggravated felonies" under the pre-2001 guidelines or as "crimes of violence" under the 2001 guidelines.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.