United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41542
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS POSADAS-MENDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-211-ALL
---------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Carlos Posadas-Mendez appeals his sentence for his guilty-plea conviction of being found in the United States without permission after having been deported. He argues that his prior state conviction for misdemeanor assault for which he was sentenced to one year of imprisonment was not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) of the 2001 Sentencing Guidelines and that the increase of his offense level by eight was thus error.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Posadas-Mendez acknowledges that a state conviction for a crime deemed a misdemeanor under state law could still fall within the definition of 8 U.S.C. § 1101(a)(43)(F) as a crime of violence punishable by at least one year of imprisonment and thus be considered an aggravated felony under the pre-2001 version of § 2L1.2. See United States v. Urias-Escobar, 281 F.3d 165, 167-68 (5th Cir.), cert. denied, 122 S. Ct. 2377 (2002). He contends that, because the 2001 Sentencing Guidelines added a definition for misdemeanor in the notes to § 2L1.2, that section is now ambiguous as to whether his prior conviction was a misdemeanor or an aggravated felony and that the rule of lenity should apply.

The comments to § 2L1.2 in the 2001 Guidelines state that, for purposes of § 2L1.2(b)(1)(C), the definition of aggravated felony in § 1101(a)(43) applies. See § 2L1.2, comment.(n.2). There was thus no change in the Sentencing Guidelines as to what constitutes an aggravated felony under § 2L1.2. Posadas-Mendez's state conviction for assault for which he was sentenced to one year of imprisonment is an aggravated felony under the current version of § 2L1.2. See Urias-Escobar, 281 F.3d at 167-68.

AFFIRMED.