United States Court of Appeals

Fifth Circuit

**F I L E D**

**September 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40222
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS SERRANO-SANTIAGO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-508-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Luis Serrano-Santiago appeals his guilty-plea
conviction and sentence for being an alien unlawfully found in
the United States after deportation, in violation of 8 U.S.C.
§ 1326(a).

Serrano argues that his conviction and sentence are invalid
because the FED. R. CRIM. P. 11 guilty plea colloquy was delegated
to the magistrate judge. Serrano concedes that this argument is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

foreclosed by circuit precedent, but raises it to preserve the issue for further review.  We held in United States v. Dees, 125 F.3d 261, 266-69 (5th Cir. 1997), that 28 U.S.C. § 636(b)(3) provides a magistrate judge with the statutory authority to conduct a FED. R. CRIM. P. 11 guilty plea proceeding and that this delegation of authority does not violate the Constitution. Therefore, Serrano's argument is foreclosed.

Serrano also argues that his state conviction for aggravated assault, for which he received an imprisonment term of one year, was a misdemeanor that does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and therefore the district court erred when it increased his base offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C).  He concedes that this argument is also foreclosed, but raises it to preserve it for further review.

We held in United States v. Urias-Escobar, 281 F.3d 165, 167-68 (5th Cir. 2002), cert. denied, 536 U.S. 913 (2003), that a crime deemed a misdemeanor under state law could fall within the definition of 8 U.S.C. § 1101(a)(43)(F) as a crime of violence punishable by at least one year of imprisonment and could thus be considered an aggravated felony under U.S.S.G. § 2L1.2.  The court in Urias-Escobar analyzed a pre-2001 version of the Guidelines.  Although the 2001 Guidelines were amended to include a definition of a misdemeanor, and that definition is included in U.S.S.G. § § 2L1.2, comment. (n.3(A)), there was no change in the

Sentencing Guidelines as to what constitutes an aggravated felony under U.S.S.G. § 2L1.2.  See United States v. Posadas-Mendez, No. 02-41542, 1-2 (5th Cir. May 13, 2003)(unpublished). Therefore, the reasoning of Urias-Escobar forecloses Serrano's argument, and his state conviction for aggravated assault for which he was sentenced to one year of imprisonment is an aggravated felony under the 2002 version of the Guidelines.  See Posadas-Mendez, No. 02-41542, 1-2; Urias-Escobar, 281 F.3d at 167-68.

AFFIRMED.