**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-41696
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE ANIBAL GALVEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. B-03-CR-475-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jorge Galvez appeals his guilty-plea conviction and sentence
for illegal reentry following deportation.  He first argues that
the district court erred in finding that his prior state misde-
meanor conviction for sexual abuse of a person under fourteen qual-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

ified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) and erred in increasing his offense level by eight pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

We have reviewed the record and briefs and conclude that the district court did not err in applying the eight-level increase, because Galvez's state sexual abuse conviction qualified as an aggravated felony under § 1101(a)(43)(A). See United States v. Urias-Escobar, 281 F.3d 165, 166-68 (5th Cir.), cert. denied, 536 U.S. 913 (2002).

Galvez argues next that the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(a) and (b) are unconstitutional sentencing provisions. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Galvez concedes, this issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.