**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-40927

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO SALAZAR-BASALDUA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:07-CR-876

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rogelia Salazar-Basaldua pleaded guilty. He appeals his sentence, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Salazar-Basaldua was convicted in Kentucky state court of trafficking a controlled substance. He was sentenced to a maximum term of seven years' imprisonment, which was conditionally discharged, and he was credited with the 239 days spent in custody.

Twenty days after being deported, Salazar-Basaldua was found by customs agents after reentering the United States illegally. He pleaded guilty of unlawfully being present in the United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b).

Using the 2007 edition of the sentencing guidelines, the presentence report ("PSR") began with a base offense level of 8 under U.S.S.G. § 2L1.2(a). It enhanced the sentence by four levels under § 2L1.2(b)(1)(D) because of the state conviction but reduced by two levels for acceptance of responsibility. That resulted in a based offense level of 10, which, combined with Salazar-Basaldua's criminal history category, yielded a guideline range of 10-16 months.

The government objected to the PSR, claiming the sentence should be enhanced sixteen levels under § 2L1.2(b)(1)(A)(i), because Salazar-Basaldua was sentenced to seven years' imprisonment under his earlier conviction. Salazar-Basaldua made other objections to the PSR but never objected to this particular government request.

The district court applied the sixteen-level enhancement under § 2L1.2(b)-(1)(A)(i) instead of the four-level enhancement recommended in the PSR. This placed the total offense level at 19, which yielded a guideline range of 37-46 months. The court sentenced Salazar-Basaldua to 37 months' imprisonment, two years' supervised release, and a mandatory special assessment of $100.

II.

Salazar-Basaldua claims that the sixteen-level enhancement is error. Be-

cause he served only 239 days, he objects, on appeal, that the court should not have enhanced under § 2L1.2(b)(1)(A)(i), but instead should have used § 2L1.2-(b)(1)(B),[1] because he had spent less than thirteen months in prison.

Salazar-Basaldua failed to make this objection at trial, so we review for plain error. "To establish plain error, [the defendant] is required to show that (1) there was error, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (internal quotation marks and citation omitted).

## A.

Our first inquiry is whether the court committed an error. It enhanced under § 2L1.2(b)(1)(A)(i), which requires a court to enhance by sixteen levels "[i]f the defendant was previously deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months." Salazar-Basaldua argues that because he was conditionally discharged after only 239 days, his "sentence imposed" did not exceed 13 months.

Application Note 1(B)(vii) to § 2L1.2 states that "'[s]entence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2."[2] Section § 4A1.2 states,

> (1) The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed.

---

[1] Using this guideline provision, the court would have enhanced Salazar-Basaldua's sentence by 12 levels, not 16.

[2] Application notes are given controlling weight so long as they are not plainly erroneous or inconsistent with the guidelines. *See United States v. Urias-Escobar*, 281 F.3d 165, 167 (5th Cir. 2002).

(2) If a part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended.

Therefore under subsection (2), the discharged portion of a sentence is not part of a "sentence of imprisonment." Salazar-Basaldua's sentence was conditionally discharged after 239 days. Conditionally-discharged sentences are treated as unsupervised probation under Kentucky law.[3] This conditionally-discharged sentence is considered, therefore, to be a "sentence of imprisonment" for only the amount of time Salazar-Basaldua remained in Kentucky prison. Therefore, the "sentence imposed" is only 239 days, so the enhancement under § 2L1.2-(b)(1)(A)(I) was error.

## B.

We now decide whether the error was plain. *See Redd*, 562 F.3d at 314. For a plain error, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (citation omitted). Additionally, if a court of appeals has to traverse a complicated path to analyze a close legal question, it is not plain error. *United States v. Rodriguez-Parra*, 08-40708, 2009 WL 2605435, at *2-*3 (5th Cir. Aug. 26, 2009); *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).

We decided this question—the meaning of "sentence imposed" under a companion subsection of the sentencing guidelines—in *Rodriguez-Parra* and determined that the error was not plain. For the reasons explained in *Rodriguez-Parra*, the "claim of plain error fails at the second prong," *Rodriguez-Parra*, 2009 WL 2605435, at *3, and the judgment of sentence is AFFIRMED.

---

[3] *See United States v. Trammel*, 404 F.3d 397, 404 (6th Cir. 2005) ("This Court has held that a term of conditional discharge, even when imposed in connection with a fine rather than a suspended jail sentence, is properly considered a term of probation and therefore should be included in criminal history calculations under the Guidelines." (citation omitted)); *United States v. Rollins*, 378 F.3d 535, 538-40 (6th Cir. 2004) (reaching same conclusion).