GRAVES, Circuit Judge,
dissenting.
I disagree with the majority’s conclusion that a discharged sentence does not qualify as a suspended sentence under U.S.S.G. § 4A1.2(b)(2). Because I would conclude that the district court erred by imposing the sixteen-level increase in RodriguezBernal’s base offense, I respectfully dissent.
Rodriguez asserts that the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior drug trafficking offense was improper because the sentence for that offense was discharged after ten months. Section 2L1.2(b)(1)(A)(i) allows the base offense level to be increased by sixteen levels when the defendant was previously deported after “a drug trafficking offense for which the sentence imposed exceeded 13 months.” U.S.S.G. § 2L1.2(b)(1)(A)(i). The commentary to Section 2L1.2 refers to U.S.S.G. section 4A1.2(b) and Application Note. 2 to define “sentence of imprisonment.” Section 4A1.2 says, in relevant part: “If part of a *1009 sentence of imprisonment was suspended, ‘sentence of imprisonment’ refers only to the portion that was not . suspended.” U.S.S.G. § 4A1.2(b). Rodriguez relies on section 4A1.2 and United States v. Salazar-Basaldua, 342 Fed.Appx. 985 (5th Cir.2009), in support of his assertion that his sentence did not exceed thirteen months.
Though unpublished, Salazar-Basaldua addressed almost an identical issue. There, Salazar-Basaldua’s sentence of seven years was conditionally discharged and he was credited with 239 days spent in custody. This court concluded that the sixteen-level enhancement did not apply because his sentence was not more than thirteen months. In its analysis, the court did note that conditional discharges are treated as unsupervised probation under Kentucky law. Id. at 987. However, more importantly, this court concluded that “under subsection (2) [of 4A1.2], the discharged portion of a sentence is not part of a ‘sentence of imprisonment.’ ” Id.
The majority here says that “[a]ny reliance on Salazar-Basaldua is misplaced because a discharged sentence under Texas law is not functionally equivalent to a suspended sentence.” However, the majority merely offers some cases that “suggest that under Texas law a discharged sentence is unaccompanied by any continuing obligation, distinguishing the case at hand from the conditional discharge in Salazar-Basaldua. ”
I disagree with any presumption that state court cases suggesting a difference in terminology would be more authoritative than a case, even unpublished, from this court explicitly concluding that “the discharged portion of a sentence is not part of a ‘sentence of imprisonment.’ ” SalazarBasaldua, 342 Fed.Appx. at 987. This is also consistent with this court’s previous decision in United States v. Guerrero-Aguilar, 31 Fed.Appx. 159 (5th Cir.2001), where we acknowledged the possibility of such a conclusion on de novo review. Specifically, this court said:
This Court has not yet addressed whether §' 4A1.2(b)(2) applies to sentences suspended due to deportation, and Guerrero-Aguilar relies principally on two cases from other circuits, United States v. Tabaka, 982 F.2d 100 (3d Cir.1992), and United States v. Dixon, 230 F.3d 109 (4th Cir.2000), both of which held that a suspended sentence should not be counted for the purpose of tallying criminal history points under § 4A1.2(b)(2). Neither of these cases, however, involved a suspension due to deportation and, perhaps more central to our holding, neither case was decided under the plain-error standard of review.
Guerrero-Aguilar, 31 Fed.Appx. at -, 2001 WL 1751459, at *2.
This court said nothing in Salazar-Basaldua to indicate that an unconditional discharge would somehow be more stringent than a conditional discharge or that the reason for the discharge is relevant. Regardless of why Rodriguez-Bernal’s sentence was discharged, the fact that it was discharged without probation is more akin to his having completed the sentence. Thus, the discharge here would, at the very least, be the equivalent of a suspended sentence.
The majority further concludes ' that Rodriguez-Bernal’s discharged sentence does not qualify as a suspended sentence because it was not suspended by a court. I disagree. We do not have the trial court record from the previous conviction before us to determine whether the trial court entered any order regarding the discharge. However, we do have a concession on the part of the Government establishing that, while Rodriguez-Bernal was serving his sentence, “an immigration *1010 judge ordered him removed.”. An immigration judge is a quasi-judicial officer. See Reno v. Flores, 507 U.S. 292, 308 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). Regardless of whether the trial court entered any order regarding the discharge, a judicial officer was responsible for Rodriguez-Bernal’s discharge. See United States v. Garcia-Gomez, 380 F.3d 1167, 1172 (9th Cir.2004).
Further, even if there is doubt about whether a discharged sentence qualifies as a suspended . sentence under section 4A1.2(b)(2), the rule of lenity comes into play. See Adamo Wrecking Co. v. United States, 434 U.S. 275, 284, 98 S.Ct. 566, 54 L.Ed.2d 538 (1978) (“[Wjhere there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.”); Rewis v. United States, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971) (“[Ajmbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.”); United States v. Reedy, 304 F.3d 358, 367 (5th Cir.2002) (“[Ajmbiguity should be resolved in favor of lenity.”). Additionally, the rule applies “not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose.” See Bifulco v. United States, 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).
For these reasons, I would conclude that the district court erred by imposing the sixteen-level increase in Rodriguez-Bernal’s base offense and I would vacate and remand for resentencing. Therefore, I respectfully dissent.