# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 15-51139
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL HERNANDEZ-RAMIREZ,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1534-1

————————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Saul Hernandez-Ramirez was convicted of illegal reentry after a bench trial and sentenced to seven months of imprisonment and a one-year term of supervised release. The sole issue he raises on appeal is whether the district court erred by denying his motion to dismiss because his prior removal, which is an element of the illegal reentry offense, violated his due process rights. Specifically, he contends that the expedited removal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedure, which applies only where the individual has an aggravated felony conviction, should not have been used in his case because his Texas misdemeanor assault conviction was not for an aggravated felony.

We "review de novo the district court's denial of [Hernandez-Ramirez's] motion to dismiss the indictment as well as his underlying constitutional claims," and "accept all factual findings made by the district court in connection with that ruling unless clearly erroneous." *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). To prevail, Hernandez-Ramirez must "establish that (1) the prior hearing was fundamentally unfair; (2) the hearing effectively eliminated [his] right . . . to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused [him] actual prejudice." *Id.* at 850 (internal quotation marks and citation omitted). Hernandez-Ramirez must also exhaust the administrative remedies set out in 8 U.S.C. § 1326(d)(1), *Villanueva-Diaz*, 634 F.3d at 849, which he has done, *see Valdiviez-Hernandez v. Holder*, 739 F.3d 184, 187 (5th Cir. 2013).

Hernandez-Ramirez has not demonstrated that his prior deportation was fundamentally unfair. He correctly points out that under current case law, a misdemeanor assault conviction under Texas Penal Code § 22.01(a)(1) is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), *see United States v. Villegas-Hernandez*, 468 F.3d 874, 882 (5th Cir. 2006); however, at the time of Hernandez-Ramirez's deportation in July 2003, our precedent indicated that a violation of § 22.01(a)(1) could be an aggravated felony. In *United States v. Urias-Escobar*, 281 F.3d 165, 166-68 (5th Cir. 2002), we affirmed the sentence of a defendant who was convicted of illegal reentry and received a 16-level enhancement under U.S.S.G. § 2L1.2 because the district court found his previous conviction for Texas misdemeanor assault with bodily injury was an

aggravated felony.  And in *United States v. Shelton*, 325 F.3d 553, 555, 557 (5th Cir. 2003), we affirmed the conviction of a defendant for possession of a firearm following a conviction for a misdemeanor crime of violence, namely his Texas misdemeanor crime of domestic violence under § 22.01(a)(1).  The defendant contended that his prior conviction was not a crime of domestic violence because § 22.01(a)(1) did not have the requisite force element. *Shelton*, 325 F.3d at 557.  We disagreed, concluding that "because Shelton's predicate offense of misdemeanor assault requires bodily injury it includes as an element the use of physical force." *Id*. at 561.

Given the state of the law when Hernandez-Ramirez was deported in 2003, he has not demonstrated that the use of the expedited removal process was fundamentally unfair.

AFFIRMED.