**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

  v.

WAALEE D. FAJRI,

   Defendant-Appellant.

No. 07-3201

(D. of Kan.)

(D.C. No.  02-CR-20065-KHV-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

  Waalee Fajri appeals a sentence for violating the conditions of his supervised release.  He argues the sentence was not procedurally reasonable because the district court incorrectly applied a statute mandating revocation of parole when he failed drug tests.  The government argues the appeal is moot

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

because Fajri has already completed his term of imprisonment for the sentence being appealed.

Having jurisdiction under 28 U.S.C. § 1291, we find jurisdiction and AFFIRM the sentence imposed by the district court.

## I. Background

Fajri was previously convicted of bank robbery. After serving his prison sentence, he was completing a three-year term of supervised release, which started on August 25, 2006. In January and February 2007, Fajri failed three drug tests, missed some counseling sessions, and skipped several drug tests. Based on his probation officer's request, Fajri was arrested for violating the terms of his supervised release. At the subsequent hearing, Fajri admitted to all the alleged violations of his supervised release. He also submitted material aimed at mitigating his violations by explaining why he violated his release.

The district court sentenced Fajri to six months imprisonment followed by thirty months of supervised release for violating the conditions of his release. When sentencing Fajri the district court relied on 18 U.S.C. § 3583(g)(4)'s mandatory incarceration provision, which requires a six-month imprisonment term for defendants who test positive for drugs "more than 3 times" over a one-year period. 18 U.S.C. § 3583(g)(4). The district court repeatedly noted the mandatory nature of the statute, and found that no exception applied. Fajri timely appeals this sentence.

## II. Discussion

Because Fajri has already served his six-month term of imprisonment that is being appealed, we must first determine if we have jurisdiction to hear this appeal. Only if this case is not moot will we reach the merits of the appeal.

### A. Mootness

The government filed a motion to dismiss appeal for mootness, contending that Fajri had completed the six-month term of imprisonment resulting from his revoked supervised release. Article III of the Constitution limits us to live controversies that exist at all stages of litigation, including appellate review. *Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n*, 420 F.3d 1082, 1088 (10th Cir. 2005). Before we can address the merits of this appeal we must determine if we have jurisdiction. When "intervening acts destroy a party's legally cognizable interest" in the lawsuit, the federal courts are deprived of jurisdiction. *Id.* "Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007).

In particular, when a defendant completes the sentence being appealed prior to the appellate court decision, "the court must determine whether sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the appeal from mootness." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000).

Applying that standard, we find that Fajri has alleged sufficient collateral consequences to his sentence being appealed. First, we note he is presently serving a sentence because his "subsequent period of supervised release was recently revoked again on February 5, 2008, for absconding from a halfway house," Aple. Mootness Mot. at 2, where he was serving part of the sentence being appealed in this case. If Fajri's underlying sentence were in error, then a violation of that sentence could be called into question.

Furthermore, Fajri's term of supervised release has not been completed (even if he were not incarcerated for absconding), which is also a collateral consequence to his conviction for violating supervised release. We therefore conclude a live controversy exists in this case. Having satisfied ourselves that we have jurisdiction, we address the merits of Fajri's appeal.[1]

### B. Merits

Fajri argues his sentence should be vacated because it is procedurally unreasonable. The district court justified the sentence it imposed on Fajri by

---

[1] We note in passing that while some appeals become moot when the defendant completes a term of imprisonment, *see, e.g.*, *Meyers*, 200 F.3d at 723, it is not unusual for defendants who have completed a term of imprisonment to have sufficient collateral consequences to defeat mootness. *See e.g.*, *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) ("In this circuit, under ordinary circumstances, a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or eliminated by a favorable appellate ruling.") (internal quotation omitted); *United States v. Hernandez-Garauno*, 460 F.3d 1287 (10th Cir. 2006) (finding appeal not moot even though defendant had completed term of imprisonment).

citing 18 U.S.C. § 3583(g)(4), which requires a mandatory revocation of supervised release for failing *more than* three positive drug tests in a one-year period. As the government admits, Fajri failed only three tests. At sentencing, however, Fajri never objected to the district court's application of 18 U.S.C. § 3583(g)(4) on account of the positive drug tests.

Because Fajri did not object at trial, we review under the familiar plain error standard. "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). Under the fourth prong, when the error is non-constitutional, as in this case, a defendant must make a "demanding" showing that allowing the error to stand would be "particularly egregious" and would constitute a "miscarriage of justice." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (en banc) (internal quotations omitted); *see also United States v. Dowlin*, 408 F.3d 647, 671 (10th Cir. 2005); *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005).

Fajri fails to persuade us that this error is particularly egregious and would constitute a miscarriage of justice. *See Gonzalez-Huerta*, 403 F.3d at 736. In this case Fajri stipulated to all the violations of his supervised release, leaving no doubt that he did in fact violate the conditions of his supervised release. The sentencing guidelines range for his violation was six to twelve months—even

without the mandatory statute, and is therefore presumptively reasonable. Fajri does not make any argument explaining why the district court would have granted him a variance without the mandatory statute. The record shows, to the contrary, that the district court judge rejected Fajri's mitigation arguments, making particular note of his resistance to drug treatment programs.

In these circumstances, we cannot conclude that the error was particularly egregious, or resulted in a fundamental miscarriage of justice. Accordingly, we decline to vacate the sentence under the standards of plain error.

## III. Conclusion

For the foregoing reasons, we AFFIRM Fajri's sentence, and deny Appellee's Motion to Dismiss Appeal for Mootness.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge